**First Amended Complaint - Exhibit 3**

## AGREEMENT

This agreement ("Agreement") is entered into effective as of this 1ˢᵗ day of __January 2011, ("Effective Date") by and between 4M Design, a US Company   and Yell Steel Enterprise Co., Inc., a California corporation ("YSE").

R E C I T A L S

A.      Terri Miller, President of 4MDesign is currently engaged in the business of representing YSE as a sales representative to Wal-Mart Stores.

B.      YSE is currently doing business in the United States and desires to enter into an agreement with 4M Design to consult, manage and sell YSE products to various buyers/departments at Wal-Mart Stores Inc.

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      4M Design Duties./ Terri Miller:   Unless otherwise terminated pursuant to the terms of this Agreement, 4M Design/ Terri Miller agrees to provide consulting, sales and marketing services to YSE and sell YSE Products to Wal-Mart Stores Inc and Sam's Club.   4M Design agrees to provide its services to YSG on an exclusive basis and not to sell any products related apparel products. YSE products include any apparel or related items made from synthetic fabrics, deemed athletic or performance in nature, look or function.    YSE agrees that it shall provide 4M Design with all the support required as it relates to samples, product development and travel expenses to New York market, incurred to support the sales effort. 4M Design agrees to provide its reasonable best faith efforts selling YSE Products to Wal-Mart and Sams.. YSE also agrees to not stipulate any specific time or hours per day or week to 4M Design, except to require that YSE business is maximized through the efforts of 4M Design.

2.      Term.     Unless otherwise terminated pursuant to the terms of this Agreement, the initial term of this Agreement shall be two (2) years from the Effective Date.   Upon expiration of the initial or an extended term of this Agreement, unless otherwise terminated pursuant to the terms of this Agreement, this Agreement shall be re- negotiated for an additional 2 years.

4.      Termination.   Either party may terminate this Agreement for abuse based on a material breach or default by the other party under this Agreement ("Termination for Cause"). As a condition to any Termination for Cause, a party desiring to terminate shall provide the other party with thirty (30) day's written notice of any breach or default of this Agreement and provide that party with a concurrent thirty (30) day opportunity to cure such breach or default. Additionally, YSE shall have the right to terminate this Agreement as a Termination for Cause if 4M Design/ Terri Miller fails to obtain gross sales from sales to Wal-Mart of at least six million dollars US ($6,000,000US) per year during the third year of this Agreement and each year thereafter.  **It is further agreed that in the event 4M Design / Terri Miller terminates their services with YSE, 4M Design/ Terri Miller will be paid whatever sales commissions owed to them for sales generated for YSE. In addition it is** agreed that in the event that YSE terminates its agreement with YSG Taiwan, This agreement will be deemed null and void, and therefore effectively cancelled.

5.    Compensation.

5.1    **Monthly Compensation/Sales Draw.**   YSE agrees to compensate 4M Design for its services in the minimum monthly sum of eight thousand dollars US ($8,000US) per month ("Minimum Payment").   The Minimum Payment shall be paid by YSE to 4M Design not later than the 05th calendar day of each calendar month for the services rendered commencing the Effective Date.   YSE and 4M Design agree and acknowledge that the Minimum Payment is to compensate 4M Design for providing its services on an exclusive and regular basis to YSE and that the Minimum Payment will be utilized to fund 4M Design overhead and salary expenses consistent with the annual work load and effort required to secure as much business as feasibly possible for YSE. Additionally it is understood that the eight thousand dollars ($8,000.00) serves as a draw against commissions from the above agreed upon date.

5.2    **Additional Expenses.**    In addition to the Minimum Payment, 4M Design/ Terri Miller may submit to YSE requests for additional compensation that will reimburse 4M Design/ Terri Miller for certain extraordinary expenses, including; 1) All overseas and domestic travel within the US 4) Samples bought for business or design work.   Any requests for Reimbursable Expenses shall be made in writing by 4M Design to YSE and YSE shall have the absolute right to approve or disapprove the payment of such Reimbursable Expenses.   In the event that YSE approves such request for Reimbursable Expenses, such amount shall be paid within thirty (30) days of YSG's written approval. **It is further agreed that 4M Designs monthly "draw" will be used as a salary and income. This monthly "draw" is to be used for all business expenses not deemed "additional expenses."**

3.    **5.3    Sales Commission/Draw**.   In addition to the Monthly compensation/draw and the Additional expenses, YSE shall pay 4M Design .85% commission on all sales **and subsequent shipments made** in any calendar year.   The "calendar year" **shipments** are defined as "**all shipments made within** a calendar year". 4M Design gross sales will be defined as "orders **shipped** within a particular calendar year."   4M Design will be eligible for commission payments within 45 days (45) days of the preceding calendar year that these shipments were made.   4M Design agrees and understands that commissions are based on YSE securing a minimum of thirteen million dollars ($13,000,000US) for parent company, Taiwan based Yell Steel Group (YSG). In the event that YSE ships less than thirteen million dollars (13,000.000US) to all YSE US based accounts no additional commission will be paid to 4M Design. The ninety six thousand dollars ($96,000) per year is the minimum **Sales Commission/ Draw** to be paid to 4M Design.   YSE will agree then to not recoup the Monthly Compensation/Sales Draw from the previous year. All commission payments shall be calculated on a calendar year basis and paid by YSE to 4M Design within forty five (45) days of the last day of each calendar year.

3.    **5.4    Minimum Sales to cover Annual Draw.**   It is further agreed that in the event that 4MDesign is unable to secure a minimum of eleven million three hundred thousand in sales ($11,300,000.00) in a given calendar year, the annual draw paid in that year (.85% of sales) will be applied to the sales for the following calendar year. The difference between the annual draw and .85% of sales commissions will be applied to the following year's sales draw. An example would be:

4M Designs Sales: $9 million
4M Design Annual Draw: $ 96,000.00
.85% of $9 million in sales: $ 76,500.00
Difference between Sales Commissions and Annual Salary/Draw: $19,500.00
$19,500 applied to 4M Design draw for the following calendar year.

6.    Miscellaneous.

6.1    Binding Effect.   This Agreement shall be binding upon all of the parties and their executors, administrators, representatives, permitted assigns and other successors.

6.2    Construction and Law.   This Agreement shall not be construed against the party preparing it, but shall be construed as if both parties prepared this Agreement and in accordance with the laws of the State of California. The parties agree that in connection with any claims or contests relating to this Agreement, such claims or contests shall be brought in the Federal District Court of the United States in the State of California, County of Los Angeles.

7.3    Attorneys' Fees.   Should suit be brought to enforce or interpret any part of this Agreement, the "prevailing party" shall be entitled to recover, as an element of costs of suit and not as damages, reasonable attorneys' fees to be fixed by the court, including all costs and expenses of any appellate court proceedings.   The "prevailing party" shall be the party entitled to recover his costs of suit, regardless of whether such suit proceeds to final judgement.   A party not entitled to recover his costs shall not be entitled to recover attorneys' fees.   No sum for attorneys' fees shall be counted in calculating the amount of a judgment for the purposes of determining if a party is entitled to recover costs or attorneys' fees.

7.4    Duplicate Originals.   This Agreement may be fully executed in several duplicate originals and all such fully executed duplicates shall constitute one and the same Agreement, binding on all of the parties hereof.

7.5    Captions, Gender and Number.   The title or paragraph headings of the various provisions of this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit or modify or otherwise be used in the interpretation of any of said provisions.   As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall be deemed to include the other whenever the context so indicates or requires.

7.6    Severability.   If any provision of this Agreement as applied to either party or to any circumstance shall be adjudged by a court of competent jurisdiction to be void or unenforceable for any reason, the same shall in no way affect (to the maximum extent permissible by law) any other provision of this Agreement, the application of any such provision under circumstances different from those adjudicated by the court, or the validity or enforceability of the Agreement as a whole.

7.7    Further Assurances.   Each party agrees to timely perform any further acts and execute and deliver all documents, including documents relating to government approvals, which may be reasonably necessary to carry out the provisions and purposes of this Agreement.

7.8     Notices.  Any written notice or communication shall be personally delivered, facsimiled, telexed or electronically mailed or sent by overnight courier service or certified or registered mail, postage prepaid, return receipt requested, to the other party at the applicable address set forth herein below or at such other address as any party shall designate in a written notice to the other parties given in accordance with the provisions of this paragraph.   If served personally, service shall be deemed conclusively to occur at the time of service.   If served by telex, facsimile, electronic mail, or overnight courier service, service shall be deemed conclusively to occur on the earlier of actual delivery to the authorized address, provided the transmission has been independently verified to have occurred (but if delivered on a holiday or weekend, then on the next non-holiday weekday that is twenty-four (24) hours after communication), or twenty-four (24) hours after successful transmission and/or deposit with the courier service, if earlier.   If served by certified mail, service shall be deemed conclusively to occur seventy-two (72) hours after the deposit thereof in the United States mail, postage prepaid, addressed to the party to whom such notice or demand is to be given, as provided below.   If served by international courier delivery service, service shall be deemed conclusively to occur no later than the next non-holiday weekday that is ninety-six (96) hours after deposit with the international courier service.

The parties may change their addresses for the receipt of notices under this Agreement by notifying all parties of the new address in the same manner, within the same time periods and at the same addresses as set forth above.   Upon the giving of such notice of a party's new address, the new address shall prevail for all subsequent notices under this Agreement until later changed in the same manner.

7.9     Written Amendments.  No amendment or addition to, or modification of, any provision contained in this Agreement shall be effective unless fully set forth in writing by all of the Parties hereto.

7.10     Entire Agreement.  This Agreement, together with its exhibits, constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and the final, complete and exclusive expression of the terms and conditions thereof.   All prior agreements, representations, negotiations and understandings of the parties hereto, oral or written, express or implied, are hereby superseded and merged herein.

7.11     Non-waiver.  Except as specifically provided otherwise herein, any waiver by any party of a breach of any provision of this Agreement shall not operate as or be construed to be a waiver of any other breach of any other provision of this Agreement, and the failure by either party to exercise any right under this Agreement shall not be deemed to be a waiver of such right.

7.12     Authorization.  Each corporate signatory hereto hereby represents that it is a duly authorized officer or agent of its representing corporation and has the authority to enter into this Agreement.

7.13     Counterparts.  This Agreement (or any telephonic facsimile thereof) may be executed in more than one counterpart and all such counterparts when taken together shall constitute a complete Agreement, binding on all of the parties hereto.

7.14     Assignment.  Neither party may, without the prior written consent of the

other party, assign, transfer, or delegate any portion of this Agreement.


[SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the parties have executed this Agreement to be effective as of the Effective Date.

4M Design
508 S.E. Fullerton Street
Bentonville, AR
72712

By: _____

_____


Yell Steel Enterprise Co., Inc.,
a California corporation

By: _____
        Stuart R. Solkow
        Its President